UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:  ALLAN A. HAYE, | § | |
|     Debtor, | § | Case No. 24-11375-mew-7 |
| | § | |
| | § | |
| JAMES ALLEN, ALLAN HAYE, | § | |
| AND ROBERT THOMAS | § | CASE NO. 4:24-cv-02999 |
| | § | |
| PCF PROPERTIES IN TEXAS, LLC, | § | |
| Et al. | § | |
|     *Defendants.* | § | |

**DEFENDANT, P.C.F. PROPERTIES IN TX, LLC'S  OBJECTION TO
NOTICE OF REMOVAL, MOTION TO REMAND AND
<u>RESPONSE TO MOTION TO TRANSFER</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Though this "removed" matter was opened on August 12, 2024, Defendant, P.C.F. PROPERTIES IN TX, LLC ("PCF"), files its Objection to Notice of Removal, Motion to Remand this case back to the 80th Judicial District Court of Harris County, Texas under Cause No. 2020-35780  (the "State District Court Case") and the Court of Appeals of Texas for the First District of Texas under Case No. 01-23-00331-CV (the "Appeal"),  and Response to the Motion to Transfer Venue, and shows as follows:

**OBJECTION TO REMOVAL AND MOTION TO REMAND**

1. This purported Notice of Removal was filed to avoid hearings set in Case No. 2020-35780 to consider and rule on PCF's (1) Motion for ELIZABETH THOMAS and JAMES ANDERSEN to Show Cause Why They Should Not be Held In Contempt for Violations of the Vexatious Litigant Order and Recusal Sanction Order and (2) Motion for Judicial Review of Documentation or Instrument Purporting to Create Liens or Claims (the "Motions").  The Motions were set for oral hearing on August 13, 2024 at 1:30 P.M.  Judgment Debtor, James Andersen, filed his purported removal on the evening of August 12, 2024.  Mr. Andersen and Elizabeth Thomas continue to

misname PCF. Its name is "P.C.F. Properties in TX, LLC' and not "PCF Investments Inc its Subsidary (sic) PCF Properties in Texas LLC."

2. In the notice, Andersen also attempted to remove Case No. 01-23-00331-CV, and styled *Elizabeth Thomas, et al, v. PCF Properties in Texas, LLC, et al*, which is an appeal of a summary judgment entered in PCF's favor quieting title to property located at 8202 Terra Valley Lane, Tomball, TX 77375 (the "Property"). The Property has been the subject of a 14 year legal campaign waged by Elizabeth Thomas and others working on her behalf in a vain attempt to avoid the lien held by her lender.

3. Ms. Thomas, Allan Haye, James Allen, Robert Thomas, and James Andersen have removed these and other cases[1] multiple times and been ordered to stop. On April 15, 2019, Judge Hittner ordered that:

> Elizabeth Thomas [and others] (collectively, "Defendants") … are hereby **ENJOINED, collectively and individually,** from henceforth filing any notice of removal from the 127th Judicial District Court in Harris County, Texas in Cause No. 2018-91506, Cause No. 2017-76078, and Cause No. 2017-83288 (collectively, "State Cases") in the Southern District of Texas without advance written permission from the Chief Judge of the Southern District of Texas. Any New notices of removal from the State Cases which Defendants seek to file in this Court will not be docketed until the Chief Judge of United States District Court for the Southern District of Texas grans Defendants written leave to file; any new notice of removal of the State Cases which Defendants seek to file in this Court shall be accompanied by a Motion for Leave to File Notice of Removal. (Emphasis in original.)

*See* Exhibit A. No Motion for Leave to File Notice of Removal was filed for this current notice that purports to remove Cause No. 2017-76078.

4. On February 16, 2023, Judge Bennett ordered that he "expands Judge Hittner's previous directive that the Aligned Litigants [(including Elizabeth Thomas)] receive advance written notice from the Chief Judge of the Southern District of Texas before filing notices of removal to include any and all removals from any Harris County District Court." *See* Exhibit B. Again, here, no removing party obtained prior written approval for this purported current removal.

---

[1] These cases include Cause No. 2016-87941, Cause No. 2016-87941, Cause No. 2017-76078, Cause No. 2017-82388,d Cause No. 2017-04089, and Case No. 2018-91506. All have been remanded to state court.

5.   On March 30, 2023, Judge Hanks *sua sponte* remanded Ms. Thomas's 2017-76078 case to the 333rd Judicial District Court. *See* Exhibit C. In his order, Judge Hanks:

> "broaden[ed] the preclusion order entered by Judge Hittner after one of the prior removals to include all parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas**. Any attempt to remove this case without obtaining the required permission as set forth in Judge Hittner's order may result in monetary sanctions and/or an order of contempt for court both the removing party and its counsel. (Emphasis in original.)

*See* Exhibit C.  No such written approval was obtained.

5.   On February 8, 2024, Ms. Thomas and Attorney James Andersen escaped sanctions because Judge Bennett referred only to his prior February 16, 2023 order and said that Mr. Andersen was not listed in that order. *See* Exhibit D. However, Mr. Andersen was listed as counsel and a party in another Elizabeth Thomas-related Delaware bankruptcy, involved another attempt to remove the State Court case to federal court, which was an involuntary bankruptcy petition filed against a defunct Delaware company bearing a similar name to PCF's parent company[2]. Judge Bennett was apparently not aware of Judge Hanks's March 30, 2023 order that applied to the removing party and her counsel.

6.   For this current purported removal, Mr. Andersen, on behalf of Allan A. Haye (but really acting on behalf of Elizabeth Thomas), is again attempting to avoid the prior orders precluding removal. Here, though, Mr. Andersen is a party – Mr. Andersen is a judgment debtor in State Court Case; he is also the subject of the State Court's Recusal Sanctions Order and Vexatious Litigant Order with respect to the Property.  *See* Exhibits E (the Summary Judgment), F (the Recusal Sanctions Order), and G (the Vexatious Litigant Order) . Mr. Andersen did not seek prior written permission to remove the State Court case.  Further, they attempt to remove Cause No. 2017-76078,

---

[2] Mr. Andersen filed the attempted removal in Case No. 23-10378, in the United States Bankruptcy Court for the District of Delaware, on March 30, 2023, in a failed attempt to delay/avoid a ruling on PCF's summary judgment.  The Delaware Bankruptcy case was dismissed on May 2, 2023.  Elizabeth Thomas, though has appealed and the case is pending before the United States Court of Appeals for the Third Circuit under Case No. 24-1979.

and their actions are precluded by Judge Hittner's April 15, 2019 Order, Judge Bennett's February 16, 2023 order, and Judge Hanks's March 30, 2023 order. Mr. Haye, Mr. Andersen, and Elizabeth Thomas failed to file timely briefs in the Appeal Case. On April 25, 2024, the Court of Appeals of Texas for the First District of Texas issued an order dismissing them as parties. Therefore, the judgments against them are final and non-appealable. See, Exhibit H.

7.      In a recent ruling in another removal, the Hon. Bankruptcy Judge Marvin Isgur found Elizabeth Thomas and Mr. Andersen willfully and intentionally violated the removal orders and ordered them to compensate the affected parties' lawyers. *See*, Exhibit I. Judge Isgur ordered them not to file any more removals in open court. . Mr. Andersen and Elizabeth Thomas ignored that order, too.

8.      Based on the prior orders, though this case was not properly removed, in abundance of caution, and out of deference to the Texas state courts, PCF seeks an order remanding the case back to the 80th District Court and to the Court of Appeals of Texas for the First District of Texas. Further, the Court should consider how to stop further attempts at frivolous removals.

9.      Pursuant to 28 U.S.C. § 1446, this attempted removal is not timely. A notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading setting for the claim for relief. 28 U.S.C. § 1446(b). Here, the State District Court lawsuit was filed in June 2020, and the Summary Judgment was entered by the State District Court on April 19, 2023; the Appeal Case has been pending since May 2023. The State District Court case involves matters purely of state law relating to real property located in Harris County, Texas. There is no basis for federal court jurisdiction. Additionally, the Summary Judgment is final as to Mr. Haye, Mr. Andersen, and Elizabeth Thomas. See, 28 U.S.C. § 1331. Furthermore, Mr. Andersen failed to comply with 28 U.S.C. § 1446(a).

10.     Consequently, the purported removal should be remanded to the Texas state courts.

**RESPONSE TO MOTION TO TRANSFER**

11.     In this current purported removal, Mr. Andersen seeks to transfer the State District Court and Appeal Cases case to Mr. Haye's Southern District of New York bankruptcy case file on August 8, 2024 under Case No. 24-11375-mew-7, and pending in the United States Bankruptcy Court for the Southern District of New York.  Incidentally, Mr. Haye filed bankruptcy *pro se*, listing his addresses as 536 East 6th Street, New York, NY 10009,  and 500 8th Avenue FRNT 3, 1839, New York, NY 10018.  However, when Mr. Andersen filed the Notices of Removal and Suggestions of Bankruptcy, on August 1, 2024, Mr. Andersen listed Mr. Haye's address as 4548 NW 6th Ct., Ocala, FL 33475.

12.     Judge Bennett previously rejected Ms. Thomas's prior attempts to transfer the cases to her bankruptcy case in New York related to the property that she purchased in 2007 at 8202 Terra Valley Lane, Tomball, Texas. He wrote:

> On March 7, 2022, E. Thomas removed the case to this Court claiming that under 28 U.S.C. § 1452 ("Section 1452), the Court has jurisdiction to transfer the case to the U.S. Bankruptcy Court for the Southern District of New York, While Plains Division, where she has a pending Chapter 13 bankruptcy case. Doc. #4 at 17 (Amended Notice of Removal).
> …
> E. Thomas argues that this case "is directly related" to her bankruptcy case within the meaning of Section 1334 because the relief sought by PCF and Chase is the same as claims already litigated against her. Doc. #4 at 17. However, United States Bankruptcy Judge Cecelia G. Morris of the Southern District of New York, who presided over E. Thomas' aforementioned Chapter 13 case, stated in a memorandum decision that the Property "is not (and has never been) property of the [bankruptcy] estate." Doc. #16, Ex. 5 at 11. Even Further, Judge Morris stated, "The validity of the March 3, 2020 foreclosure sale on the … Property is not invalidated or affected in any way whatsoever by this bankruptcy case." *Id.*, Ex. 5 at 12. Because the Property is not a part of the bankruptcy estate, the case is not related to a title 11 proceeding; the outcome of this case as it relates to the Property will not impact the estate being administered in E. Thomas' bankruptcy proceeding. *In re Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995) ("[A] third-party action does not create 'related to' jurisdiction when the asset in question nis not property of the estate and the dispute has no effect on the estate."). Therefore, the Court lacks jurisdiction under Section 1334(b) as required for a removal pursuant to Section 1452.

*See* Exhibit B. Judge Bennett clearly rejected the claims that Ms. Thomas makes to support transfer to her closed bankruptcy case.

13.  Judge Hanks similarly ruled and wrote about the long twisted history of this and similar litigation:

> This case is one strand in a complex web of protracted civil lawsuits and bankruptcy proceedings that … Thomas … and several associated parties … have crafted to effectuate, in the words of the United States Bankruptcy Court for the Southern District of New York, "a scheme to delay, hinder, and defraud creditors" through "a long-running systemic plan … to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas … from being foreclosed." Judges of this Court share the New York bankruptcy court's astute view of these cases. In a related bankruptcy appeal, Judge Hughes referred to [Thomas and several associated parties] actions as "a ten year campaign of lawsuits and bankruptcies—over 15 have been filed—to avoid foreclosure" through "frivolous litigation" and the recording of "questionable or invalid documents in real property records … including a purported satisfaction and release of the lien." (Internal citations omitted.)
>
> One of the … favored tactics is the filing of dilatory notices of removal….
>
> …. The judges presiding over the bankruptcy [(18-23676)] have explicitly "determined that the filing of [Elizabeth Thomas's] bankruptcy petition was part of a scheme to delay, hinger, and defraud creditors" through "a long-running systemic plan … to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas … from being foreclosed." (Internal citations omitted.)
>
> …. This removal was plainly an obstruction tactic.

*See* Exhibit C. As stated above, Judge Hanks remanded the case and clearly wrote how unimpressed he was with Mr. Thomas's argument that these cases were related to her New York bankruptcy. *Id.*

14.  Likewise, Mr. Andersen's attempt to transfer this case to Mr. Haye's New York bankruptcy should be denied.  Mr. Haye does not own the Property, he does not reside in the Property, and claims no interest in and to the Property.  Mr. Haye is no longer a party to the State Court Case or the Appeal Case, having been dismissed as a party.  *See*, Exhibit H.  A litigant should not be able to challenge state court orders in federal courts as a means of relitigating matters that already have been considered and decided by a court of competent jurisdiction.  *See, Rooker v. Fidelity Trust Co.*, 263

U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

14. Notwithstanding Mr. Andersen's failure to abide by numerous court orders, the attempted removal to the New York Bankruptcy Court is fundamentally flawed. Fed. R. Bankr. P. 9027 states that a notice of removal shall be filed with the clerk for the *district and division* within which is located the state of federal court *where the civil action is pending*. See, Fed. R. Bank. P. 9024(a)(1) (emphases added). Any removal notice, therefore, had to be filed in the United State District Court for the Southern District of Texas, Houston Division. *Id.*

15. However, Bankruptcy Court jurisdiction is not automatic and removal actions are very strictly construed in the Bankruptcy Court. Bankruptcy Courts only have jurisdiction over *core* proceedings that directly relate to a bankruptcy case. See, 28 U.S.C. § 157(a). Core proceedings are matters arising under Title 11, or arising in a case under Title 11. 28 U.S.C. § 157(b). Cases removed to the Bankruptcy Court are adversary proceedings subject to Rule 7001, et seq, of the Federal Rules of Bankruptcy Procedure. See. Fed. R. Bankr. P. 9027(a)(1). Mr. Andersen completely failed to comply 11 U.S.C. § 303 applicable to bankruptcy cases, and further failed to comply with the Federal Rules of Bankruptcy Procedure by not filing this removed proceeding as an adversary proceeding and paying the required filing fee.

16. Nevertheless, Mr. Andersen's attempted removal is legally impossible. "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal bankruptcy case [as Mr. Andersen attempted to do in the New York Bankruptcy Court]. Instead, the litigant must comply with the procedures of removal statutes and pursue consolidation thereafter." *Alcoser v. Ford*, No. 21-50626, 2022 WL 4078564, at *2 (5th Cir. Sept. 6, 2022); *see, also, Gillian v. Austin*, No. C-02-1389, 2022 WL 1034115, at *4 (N.D. Cal. May 13, 2002)("[T]he notice of removal is a means of removing a case from state court to federal district court, where it is viewed as a 'new'

case and is assigned a 'new' case number[.] A case cannot be removed from state court to become a part of an already existing federal case.") Mr. Andersen did not comply with required procedures; therefore, the attempted removal was never part of any pending bankruptcy case.

17. For reasons cited by Judge Hughes, Judge Hittner, Judge Bennett, Judge Hanks, as attributed to Judge Morriss while she presided over Ms. Thomas's New York bankruptcy, and Judge Isgur's recent rulings, the Motion to Transfer should be denied.

## CONCLUSION

18. Ms. Thomas and Mr. Andersen have been sanctioned monetarily multiple times, and there is no evidence that any sanctions have been paid. They have been ordered numerous times to not remove these cases without prior court approval, yet they continue to do so without regard to or respect for the Courts' prior orders. PCF prays that the Court deny the Motion to Transfer and remand these cases back to their respective courts of origin.

Respectfully submitted,

BARRY & SEWART, PLLC

_/s/ John V. Burger_
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650
Christopher T. Boyd, SBN: 24108500

4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Telephone: (713) 722-0281
Telecopier: (713) 722-9786
evictions@barryandsewart.com
john@barryandsewart.com

ATTORNEYS FOR P.C.F. Properties in TX, LLC

CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing Notice of Appearance was served upon the Defendant at the address below on this the 16st day of August, 2024 by prepaid U.S. regular and certified mail, return receipt requested, and by email at the addresses listed below:

James M. Andersen
P.O. Box 58554
Webster, Texas 77598
Email: *jandersen.law@gmail.com*

Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002

And via email at:    elizthomas234@gmail.com; and tethomas3@aol.com

Allan A. Haye
536 East 6th Street
New York, NY 10009,

Allan A. Haye
500 8th Avenue FRNT 3, 1839
New York, NY 10018.

Allan A. Haye
4548 NW 6th Ct.
Ocala, FL 33475

    /s/ *John V. Burger*
    John V. Burger