UNITED STATES DISTRICT COURT
SOUTHERN OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **In re: James M. Andersen**<br>　　　　　*Debtor* | **Chapter 13**<br>Case No.  24-80232-H2 |
| **In re: Non-Existent P.C.F. Properties in TX, LLC.**<br>　　　　　*Plaintiffs*<br>vs.<br><br>**James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, and Monique Moore   et al.,**<br>　　　　　*Defendants* | Adv.  No. 24-08005 |

### SECOND AMENDED NOTICE OF REMOVAL OF STATE COURT ACTION AND MOTION TO TRANSFER

Comes Now,  James M. Andersen (the "Debtor"),  after considerable communications with Marilyn Burgess the Harris County District Clerk Administrative Office, and Harris County Attorney Office debtor hereby files this "Second Amended Notice of Removal" as its necessary to correct the correct names of parties and the cause of action removed on August 12, 2024 from the 80th District Court Harris County, Texas under 2020-35780, that were actually pending before the court as of said date pursuant to Subpart (a)(1) of Federal Rule of Bankruptcy Procedure 9027, provides the procedural requirements for removal, states as follows:

**I.    DEBTOR NAMED THE WRONG PARTIES AND CAUSE OF ACTION**

1. On August 13, 2024, when debtor James M. Andersen files its Notice of Removal [Doc.1 ], and shortly therein after an First Amended Notice of Removal [Doc.2 ], from the  80th District Court Harris County, Texas under 2020-35780 and named the parties as *James Allen, Robert L. Thomas and Allan Haye vs. PCF Investments Inc, its subsidiary PCF Properties in*

*Texas LLC., vs. Elizabeth Thomas and James M. Andersen* it was mistakenly on the last amended petition file on March 30, 2023.

2. On March 30, 2023, Plaintiffs James Allen, Robert L Thomas and Allan Haye filed a Amended Petition to add PCF Investments Inc., to lawsuit with PCF Properties in Texas LLC whom has been the Defendant named on lawsuit whom in July of 2020, filed counter-claims against James Allen and in August of 2020, filed Third Party Petition against James M. Andersen and Elizabeth Thomas.

3. On March 30, 2023, James Allen, Robert L Thomas and Allan Haye as "Petitioning Creditors" filed a Involuntary Chapter 7 Bankruptcy Petition against PCF Investments Inc a/k/a PCF Properties in Texas LLC in the U.S. Bankruptcy Court of Delaware under Case No. 23-10378. Additionally on March 30, 2023, cause No 2020-3578, was removed to the U.S. Bankruptcy Court of Delaware and **_never remanded back_**.

4. On April 19, 2023, while PCF Investments Inc a/k/a PCF Properties in Texas LLC, was subject to the March 30, 2023, bankruptcy and was removed to the bankruptcy court as a adversary proceeding, the 80th District Court ("Trial Court"), granted Defendant Third Party Plaintiff PCF Investments Inc a/k/a PCF Properties in Texas LLC, motion for summary judgment against James Allen.

5. In May of 2023, Elizabeth Thomas, James Allen, Robert L. Thomas and James M. Andersen all filed timely Notices of Appeal of the April 19, 2023, judgment in favor of PCF Investments Inc a/k/a PCF Properties in Texas LLC to the First Court of Appeal of Houston under case No. 01-23-00331-CV.

6. Because PCF Investments Inc., named was omitted from the April 19, 2023, judgment On June 22 2023, the First Court of Appeal of Houston under case No. 01-23-00331-CV,

changed the caption of the case *from:* Elizabeth Thomas, James Allen, Allan Haye, Robert Thomas, and James Andersen v. PCF Investments Inc a/k/a PCF Properties in Texas LLC **to**:

 Elizabeth Thomas, James Allen, Allan Haye, Robert Thomas, and James Andersen v. PCF Properties in TX, LLC., citing that the style of the case on appeal must be in accord with the trial court's April 19, 2023 summary-judgment order. *See Owens v. Handyside*, 341 S.W.3d 172, 175 n.1 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *Strobel v. Marlow*, 341 S.W.3d 470, 471 n.1 (Tex. App.—Dallas 2011, no pet.).

7. Since the First Court of Appeal of Houston changed the names caption of the case on June 22, 2024, to PCF Properties in TX, LLC a/k/a PCF Properties in Texas LLC., John V. Burger and Barry & Sewart PLLC., commence to litigate on behalf of Non-Party P.C.F. PROPERTIES IN TX, LLC through PCF Properties in TX, LLC a/k/a PCF Properties in Texas LLC.

8. John V. Burger and Barry & Sewart PLLC., commence to litigate on behalf of Non-Party P.C.F. PROPERTIES IN TX, LLC through PCF Properties in TX, LLC a/k/a PCF Properties in Texas LLC., because on February 18, 2019, trial court signed an order non-suing P.C.F. PROPERTIES IN TX, LLC., and removing them as the defendant having filed no counter-claims or sought any affirmative relief without objection. The plaintiffs moved forward with litigation against PCF Properties in TX, LLC a/k/a PCF Properties in Texas LLC.

9. Again on April 19, 2023, trial court granted judgment in favor of PCF Properties in TX, LLC a/k/a PCF Properties in Texas LLC and not P.C.F. PROPERTIES IN TX, LLC and these two entities may have similar names but they are unrelated separate and distinct. Whereas P.C.F. PROPERTIES IN TX, LLC, is a Texas limited liability company neither PCF Properties in TX, LLC, nor PCF Properties in Texas LLC are Texas limited liability companies.

10. John V. Burger and Barry & Sewart PLLC, would file pleadings before the First Court of Appeal of Houston purportedly on behalf the Appellee of record PCF Properties in Texas LLC but in the pleadings and relief sought for Non-Party of record P.C.F. PROPERTIES IN TX, LLC.,

11. On September 8, 2023, , the Texas Secretary of State issued a "certificate of fact" under her oath of office that the entity named PCF Properties in Texas LLC lacks a legal existence due to never being duly formed.

12. After the Appellants sought the First Court of Appeal of Houston to take judicial notice that the designated Appellee of record PCF Properties in Texas LLC that according to the Texas Secretary of State lacks a legal existence due to never being duly formed in the State of Texas.( or any other state on union).

13. John V. Burger and Barry & Sewart PLLC, would file pleadings before the First Court of Appeal of Houston naming the Appellee as PCF Properties in TX, LLC., but in substance sought relief for Non-Party of record P.C.F. PROPERTIES IN TX, LLC.

14. On June 8, 2024, the Texas Secretary of State issued a "certificate of fact" under her oath of office that the entity named PCF Properties in TX, LLC., lacks a legal existence due to never being duly formed.

15. After the Appellants sought the First Court of Appeal of Houston to take judicial notice that the designated Appellee of record PCF Properties in TX, LLC., that according to the Texas Secretary of State lacks a legal existence due to never being duly formed in the State of Texas.( or any other state on union).

16. John V. Burger and Barry & Sewart PLLC, would file pleadings before the First Court of Appeal of Houston naming the Appellee as P.C.F. Properties in TX, LLC., but in substance

sought relief for Non-Party of record P.C.F. PROPERTIES IN TX, LLC.

17. On June 6, 2024, the Texas Secretary of State issued a "certificate of fact" under her oath of office that the entity named PCF Properties in TX, LLC., lacks a legal existence due to never being duly formed.

18, After the Appellants sought the First Court of Appeal of Houston to take judicial notice that the designated Appellee of record PCF Properties in TX, LLC., that according to the Texas Secretary of State lacks a legal existence due to never being duly formed in the State of Texas.( or any other state on union)..

19, John V. Burger and Barry & Sewart PLLC, realizing that in reality none of the entities they have sought to litigate in the names of PCF Properties in Texas LLC., PCF Properties inTX, LLC., and P.C.F. Properties in TX., LLC, lack a legal existence i.e., are non-existent as such their was never a existed a Defendant in trial court and nor does their exist a existing Appellee ,on July 11, 2024, they filed a amended pleading non-suing all of their prior causes of action and removing prior parties.

2. **THE CORRECT PARTIES AND CAUSE OF ACTION BASED ON AMENDMENT**

20. On July 11, 2024, John V. Burger and Barry & Sewart PLLC., filed an Amended Petition seeking to initiate a "new cause of action" with new parties under cause No. 2020-35780. First the July 11, 2024, Amended Petition is titled as a "Motion for Judicial Review of Documentation or Instruments Purporting to Create Liens or Claims" in the 80th District Court, Harris County, Texas

21. On July 11, 2024, amendment asserts a new party P.C.F. Properties in Texas LLC., as the Plaintiff whom has asserted claims against James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires.

22. Although labeled as Motion for Judicial Review of Documentation or Instruments Purporting to Create Liens or Claims" under Section 51.905, is considered a new cause of action.

23. According to the Harris County District Clerk Office on July 11, 2024 when John V, Burger filed the Motion for Judicial Review of Documentation or Instruments Purporting to Create Liens or Claims" under Section 51.905, it is considered as a amended petition which amended the case from cause number 2020-35780 to a Misc Docket No. 2020-35780.

24. According to the Harris County District Clerk Office on July 11, 2024 when John V, Burger filed the Motion for Judicial Review of Documentation or Instruments Purporting to Create Liens or Claims" under Section 51.905,

25. In civil cases, in Texas the, filing an amended petition that does not include a previously asserted cause of action "effectively non-suits or voluntarily dismisses the omitted claim" from the moment the amended pleading is filed. *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys*., 255 S.W.3d 619, 632–33 (Tex.2008).

26. The Texas Supreme Court has recognized that an amended pleading adding a new party does not relate back to the original pleading. *Alexander v. Turtur & Assocs*., 146 S.W.3d 113, 121 (Tex. 2004). Thus, an amended petition introducing new parties and entirely new subject matter cannot relate back but is merely the beginning of a new suit. *Way v. Coca Cola Bottling Co*. 119 Tex. 419, 29 S.W.2d 1067 (Tex. 1930).

### 3.     GROUNDS FOR REMOVAL

27. On August 12, 2024, the Debtor James M. Andersen after the filing of the "Notice of Removal" commencing a Adversary Proceeding (Pre-Petition), the Debtor hours later thereinafter filed a Chapter 13 Petition (the "Petition Date"), for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), which includes

the bankruptcy automatic stay.

28. The commencement of a case under Title 11 creates an estate. 11 U.S.C. §541(a). Such estate is comprised of all property, wherever located and by whomever held, including all legal or equitable interests of the *debtor* in property as of the commencement of the case. See, 11 U.S.C. § 541(a)(1). Property of the estate includes all legal or equitable interests of the debtor in property, including "*causes of actions*". 11 U.S.C. § 541.

    4. **This Amended Notice of Removal is Timely.**

a. This Notice is therefore timely filed as State Court Action was filed on July 11, 2024

b. This Court has personal jurisdiction over the parties.

c. The Plaintiff named in the state court case P.C.F. Properties in TX, LLC, a purported Texas limited liability company lacks a legal existence according to the Texas Secretary of State.

d. Defendants named in the Amended Petition filed on July 11, 2024, which added new parties to the case have not been served.

    4.. **Motion to Transfer**

.30. Subsection (1) of section 1443 any of the following civil actions or criminal prosecutions, commenced in a <u>State court</u> may be removed by the defendant to the district court of the United <u>States</u> for the district

**(1)** Against any person who is denied or cannot enforce in the courts of such <u>State</u> a right under any law providing for the equal civil rights of citizens of the United <u>States</u>, or of all persons within the jurisdiction thereof;

**(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such la.

Dated: August 22, 2024

                                     Respectfully submitted,

                                   By:/s/*James M. Andersen*
                                   James M. Andersen Pro, Se
                                   P. O. Box 58554
                                   Webster, Texas 77598-8554
                                   Tel. (281)488-2800
                                   Jandersen.law@gmail.com


## CERTIFICATE OF SERVICE

The undersigned certifies that on August 22, 2024  a copy of the foregoing document was served via e-mail and U. S. Mail, postage prepaid, to:

                                   Elizabeth Thomas
                                  712 H Street NE #2487
                                  Washington DC 20002
                                 elizthomas234@gmail.com

                               PCF Properties in Texas LLC
                               1942 Broadway St Ste 314c
                               Boulder, CO 80302.
                       pcfpropertiesintexasllc456@gmail.com

                               Attorney Alzadia Spires
                       17515 Spring Cypress Rd #C602
                               Cypress Texas 77429
                               Tel: (713) 417-4662
                           Email: alzadia@spireslawfirm.com

                    Attorney for  PCF Properties in Texas LLC
                      a/k/a  PCF Properties in TX, LLC

                            By:/s/*James M. Andersen*